UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROYAL MANAGEMENT CORPORATION, | ) | |
| a/k/a LEXINGTON HEALTH NETWORK, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| GENTOX MEDICAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Royal Management Corporation, a/k/a Lexington Health Network ("Lexington") for its Complaint against Defendant, Gentox Medical Services, LLC, states as follows:

## NATURE OF THE ACTION

1. This Complaint alleges that Defendant Gentox breached its June 12, 2020 contract to timely deliver Lexington $308,360.00 worth of medical grade vinyl examination gloves to Lexington that Lexington's staff needed during the height of the COVID-19 pandemic to help prevent the spread of the virus. Lexington alleges that Gentox required Lexington to pay half of the contract's value, $154,180.00, upfront. To date, however—over a year after entering into the contract, Gentox has only delivered $61,612.70 worth of the gloves promised. Lexington alleges that it incurred additional damages as a result of Gentox's breach of contract, because Gentox's breach forced Lexington to procure the needed gloves elsewhere at a higher cost.

## PARTIES

2. Plaintiff Royal Management Corporation, also known as Lexington Health Network, is an Illinois corporation licensed to do business in Illinois. At all relevant times, Royal provided management services to several skilled nursing homes and assisted living facilities

licensed by the State of Illinois. Lexington Health Network is an unincorporated affiliation of the skilled nursing facilities and assisted living centers that Royal managed.

3. Defendant Gentox is a Utah corporation licensed to do business in Utah.

## JURISDICTION & VENUE

4. This Court has diversity jurisdiction in this matter pursuant to 28 USC Section 1332 because the amount in controversy exceeds $75,000 and because Plaintiff is an Illinois corporation, and Defendant Gentox is a Utah corporation.

5. Venue over this dispute is proper in the Northern District of Illinois pursuant to 28 USC Section 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in the Northern District of Illinois. Gentox's contract with Lexington required Gentox to deliver the gloves to Lexington's warehouse in Downers Grove, Illinois.

6. Lexington provides skilled nursing and assisted living services to its residents under licenses issued by the Illinois Department of Public Health.

7. Gentox sells Personal Protective Equipment ("PPE"), including medical-grade vinyl gloves, to health care providers.

## COUNT I

8. Lexington incorporates paragraphs 1-7 above as paragraphs 1-7 of Count I.

9. In late May and early June 2020, Michael Vohs, who identified himself as a "Managing Member" of Gentox, emailed Carol Meader, an employee of Royal Management, offering to sell Lexington PPE supplies, including medical grade vinyl gloves, and that Gentox could provide "fast delivery" of such gloves. (Group Ex.1).

10. On June 3, 2020, Carol Meader responded to Gentox's emails, writing Mr. Vohs that Lexington wanted to buy 3,000,000 medium sized gloves, 2,000,000 large gloves, and 200,000 extra-large gloves. (Ex. 2).

11. On June 12, 2020, Mr. Vohs of Gentox sent Ms. Meader a Purchase Order under which Gentox agreed to sell to Lexington 52,000 boxes of gloves, in boxes containing 100 gloves per box, in the sizes detailed in paragraph 10 above, for $308,360.00, conditioned upon Lexington paying 50% of that amount upfront, and the remaining 50% upon arrival of the gloves at Lexington's Downers Grove, Illinois location.

12. Based upon Gentox's repeated assurances that it could ensure "fast delivery" of the gloves that Lexington needed to care for its residents during the pandemic, Ms. Meader signed the Purchase Order and sent it to Mr. Vohs via email on June 15, 2020 (Ex. 3). Plaintiff Royal Management paid Gentox $154,180.00 on or about June 17, 2020 as its 50% upfront payment required by the Purchase Order that Gentox prepared.

13. Despite its promises of "fast delivery" of the gloves, as of June 2021—another full year into the pandemic—Gentox, in breach of its contract, has delivered to Lexington only 10,390 boxes of the 52,000 boxes of gloves ordered, leaving 41,610 boxes still undelivered. The value of the delivered gloves under the Purchase Order (Ex.2) is only $61,612.70. The difference between the $154,180.00 that Lexington paid to Gentox in June 2020 and the $61,612.70 worth of gloves that Gentox has delivered to Lexington totals $92,567.30.

14. Between July 2020 and May 2021, Lexington repeatedly informed Gentox that Gentox's failure to provide the fast delivery of the gloves constituted a breach of Gentox's contractual obligations, and demanded that Gentox return to Lexington the $92,567.30 balance

of money that Lexington already paid to Gentox for gloves that Gentox has failed to timely deliver. Gentox has refused to issue a refund to Lexington.

15. Gentox's breach of contract forced Lexington to buy a total of 4,161,000 gloves--the number of gloves that Gentox agreed to deliver to Lexington but never did--needed to comply with CDC and other federal and state requirements from other sources for a total of $82,479.95 more than Gentox agreed to sell that number of gloves to Lexington.

16. As a proximate cause of Gentox's breach of contract, Lexington has therefore incurred an additional $82,479.95 in damages.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Gentox for $175,047.25 and grant Plaintiffs such other relief as the law may allow.

Dated: July 9, 2021

        Respectfully submitted,

        ROYAL MANAGEMENT CORPORATION
        a/k/a LEXINGTON HEALTH NETWORK

        By: */s/ Robert K. Neiman*
            One of Their Attorneys

Robert K. Neiman (#6183605)
(rneiman@muchlaw.com)
Laura A. Elkayam (#6303237)
(lelkayam@muchlaw.com)
**MUCH SHELIST, P.C**.
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000